Joel G. MacMull, Esq.
Alex Keoskey, Esq. (*Pending Pro Hac Vice Admission*)
**MANDELBAUM BARRETT PC**
570 Lexington Avenue, 21st Floor
New York, New York 10022
Tel. (212) 776-1834
jmacmull@mblawfirm.com
akeoskey@mblawfirm.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIT V. PATEL, Individually,<br><br>*Plaintiff,*<br><br><br>*v.*<br><br>CLANE GESSEL STUDIO and<br>CLANE GESSEL Individually,<br><br>*Defendants.* | Civil Action No.:<br><br><br>**VERIFIED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Amit V. Patel ("Plaintiff" or "Patel"), by and through his undersigned counsel, complains and states as follows as to all matters:

## THE PARTIES

1.     Patel is an individual who is a resident of the state of New Jersey, with an office located in Morristown, New Jersey, and a place of residence located in Mendham Borough, New Jersey.

2.     Defendant Clane Gessel Studio ("CGS") is a wedding photography company which maintains offices in New York City located at 909 3rd Avenue, Suite 1687, Manhattan, New York 10022.

3.     Defendant Clane Gessel ("Gessel") is an individual who, upon information and belief, is the principal of CGS. (CGS and Gessel are collectively referred to as "Defendants.")

## JURISDICTION AND VENUE

4.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

5.     The Court has personal jurisdiction over the Defendants because each maintains a continuous presence within the State of New York, including conducting business in the State of New York. The Court also has personal jurisdiction over the Defendants on the basis of specific jurisdiction because, upon information and belief, the acts which give rise to this action were performed by the Defendants while in the State of New York.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) because Defendants are subject to personal jurisdiction in this district and a substantial part of the events giving rise to Plaintiff's claims, including the Defendants' conduct, set forth below, occurred in the district.

## BACKGROUND FACTS

7.     Defendant CGS entered into a services agreement with Patel to provide photography and video services at the wedding of Patel's daughter, Anisha Patel, and

her fiancé in Bodrum, Turkey during the period of May 26 – May 30, 2022 (the "Service Agreement").

8.      Pursuant to the terms of the Service Agreement (a copy of which is attached hereto as **Exhibit A**), it was conveyed to Plaintiff by Defendants that "Clane Gessel" would be the "main photographer <u>at every event</u>."

9.      At all times, Patel was in full compliance with his obligations under the Service Agreement, even paying Gessel in advance the entire fee due under the Service Agreement in the amount of $76,275, one month before the wedding.

10.     On May 21, 2002, as Patel and his family were boarding the plane to Turkey for his daughter's wedding, Gessel advised Patel via email, that "I decide who is shooting what and when." This announcement stunned Patel and constituted a clear and direct renunciation of Clane Gessel's personal obligation under the Service Agreement to be the "main photographer at every event."

11.     Additionally, Gessel demanded on May 21, 2022 that, upon arriving in Turkey, he and his staff be accommodated at the Mandarin Hotel Bodrum at Patel's expense, rather than, as Gessel had previously requested and Patel had already made arrangements for, the Doubletree by Hilton Bordum Isil Club Resort.

12.     Gessel further advised Patel that his position was "non-negotiable." He also indicated he needed "a contract via DocuSign" or an email from Patel agreeing to such terms "in order to get on the plane."

13.     As a result of Gessel's blatant anticipatory breach of the Service Agreement, and his overt threat to abandon the project, Patel was placed in an

untenable position; he faced the very real prospect that the memories of this special life event would not be captured and preserved in photographs or videos.

14.     Nevertheless, a successful entrepreneur in his own right, Patel refused to be extorted by Gessel's demands and was left with no alternative but to find and retain at the eleventh hour a replacement photographer to undertake photography and video services for the wedding.

15.     Approximately contemporaneous with Gessle's May 21, 2022 demands, Patel advised Gessel that his actions constituted a repudiation of the Services Agreement and imposed incalculable pain, suffering, and duress on the entire Patel family.

16.     Patel sent several letters, through his counsel, to Gessel, demanding immediate return of the full amount of $76,275.00 advanced to Gessel for the contracted services that were not performed.

17.     As of this date, Gessel has refused to return the above-referenced amount to Patel.

## COUNT I
## BREACH OF CONTRACT

18.     Patel re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

19.     Patel, Gessel and CGS entered into a valid and enforceable agreement which took the form of a contract.

20.     Patel in all material respects performed his obligations under the contract.

21.     Gessel and CGS have materially breached the agreement as set forth above.

22.     Each of the Defendants' breaches of the contract were willful.

23.     Patel demanded that CGS and Gessel comply with their obligations pursuant to the contract.

24.     Despite receiving this demand, CGS and Gessel refused to comply with their contractual obligations under the contract.

25.     Patel has made substantial efforts at mitigating his damages herein.

26.     As a direct and proximate result of Defendants' conduct, Patel has suffered and continues to suffer damages in an amount to be determined at trial.

## COUNT II
## UNJUST ENRICHMENT

27.     Patel realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

28.     Patel relied on the representation of Gessel, on behalf of CGS, that they both accepted their commitment to fulfill their obligations under the terms of the contract by appearing at the wedding to photograph and videotape the event, as specified and agreed to within the terms of the contract.

29.     In reliance on those representations, Patel arranged the wedding event based on Gessel's oral representations on behalf of CGE.

30.     Gessel was aware of and encouraged the foregoing reliance by Patel, which was reasonable under the circumstances.

31.     CGE and Gessel benefited financially and otherwise from Patel's investment in funds and materials in the planning of the wedding.

32.     It would be unjust for CGE and Gessel to retain the foregoing benefits without them providing compensation to Patel for the same, in the form of a full refund of the monies provided by Patel to Gessel, as the services under the terms of the contract were never performed by Gessel or CGE.

33.     By reason of the foregoing, Patel has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants and award the following relief to Plaintiffs:

A.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently, from conveying, dispersing, spending or transacting the monies owed by Defendants to Plaintiff, and also assessing:

B.     Presumed, actual, special and/or compensatory damages in an amount to be proven at trial;

C.     Punitive damages;

D.     The costs, disbursements and expenses of this action;

E.     Reasonable attorneys' fees;

F.     Pre- and post-judgment interest on the sum of any presumed, actual, special or compensatory damages; and

G.     Such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Respectfully submitted,
**MANDELBAUM BARRETT PC**

Joel G. MacMull, Esq.
Alex Keoskey, Esq. (*Pending Pro Hac Vice Admission*)
570 Lexington Avenue, 21st Floor
New York, New York 10022
Tel.: 973-736-4600
jmacmull@mblawfirm.com
akeoskey@mblawfirm.com

*Attorneys for Plaintiff*

Dated: December 27, 2022

## VERIFICATION

I, Amit V. Patel, plaintiff in this action, have read the foregoing VERIFIED

COMPLAINT AND JURY DEMAND dated December 27, 2022 (the "Complaint").

The information in the Complaint has been obtained by me or on my behalf. As to

those matters set forth in the Complaint about which I have personal knowledge, I

believe these allegations to be true; as to those allegations about which I have no

personal knowledge, if any, and am relying upon those who have obtained and

prepared those allegations, I have no reason to believe those allegations are not

true.

Amit V. Patel

Dated: December 28, 2022