UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIT V. PATEL,

                      Plaintiff,

   -v-

CLANE GESSEL STUDIO and
CLANE GESSEL, individually,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2023
```

CIVIL ACTION NO. 22 Civ. 10964 (GHW) (RFT)

**OPINION AND ORDER**

**ROBYN F. TARNOFSKY,** United States Magistrate Judge.

Plaintiff Amit V. Patel filed a complaint for breach of contract and unjust enrichment against Defendants Clane Gessel ("Gessel") and Clane Gessel Studio ("CGS") on December 29, 2022**.** (*See* Compl., ECF 1.) This matter has been referred to me for certain purposes, including general pretrial supervision, settlement and dispositive motions. (*See* 11/15/23 Not. of Reassignment.) On May 23, 2023, Defendants moved to dismiss the complaint pursuant to Rules 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue), 12(b)(5) (insufficient service of process) and 12(b)(6) (failure to state a claim on which relief can be granted); Defendants also moved to compel arbitration. (*See* Mot. To Dismiss/Compel Arbitration, ECF 25.) The motion is fully briefed. (*See* Pl.'s Opp., ECF 29; Defs.' Reply, ECF 30.)

    1.  **Jurisdictional Discovery/Plaintiff's Request for a Stay of Discovery**

In his opposition to the motion to dismiss, Plaintiff took the position that the Court should order jurisdictional discovery if it found Plaintiff's showing to be insufficient to find that the Court has personal jurisdiction over Defendants and that venue is proper in this District.

(*See* Pl.'s Opp. at 23-24, ECF 29.) On November 20, 2023, I held a telephonic conference during which I informed the parties that, based on my preliminary review of their motion papers, I believed that jurisdictional discovery would be appropriate, because there appeared to be a genuine factual dispute about whether the Court has personal jurisdiction over Defendants and whether venue is proper in this District. *See APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003) (Courts possess "considerable latitude in devising the procedures [they] will follow to ferret out the facts pertinent to jurisdiction.") (internal quotation marks and citation omitted); *see also Wilson & Wilson Holdings LLC v. DTH, LLC*, No. 22-CV-02941 (PGG) (SDA), 2023 WL 3449163, at *3 (S.D.N.Y. May 15, 2023) (ordering jurisdictional discovery where plaintiff identified "genuine issue of jurisdictional fact" (quoting *Daventree Ltd. v. Republic of Azerbaijan,* 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (internal quotation marks omitted). I advised Defendants that they could choose to withdraw the motion to dismiss without prejudice to refiling it after the close of jurisdictional discovery, but Defendants have declined to do so. (*See* 11/27/23 Status Report, ECF 45.) Plaintiff now argues that jurisdictional discovery is unnecessary. (*See* 11/27/23 Status Report, ECF 44.)

      In light of my preliminary view that jurisdictional discovery is appropriate here, I am providing Plaintiff with the opportunity to take such discovery and to make a supplemental filing in connection with Defendants' motion to dismiss on grounds of lack of personal jurisdiction and improper venue. Accordingly, Plaintiff may propound up to five document requests covering personal jurisdiction and venue in this District, and he may depose Gessel for

up to two hours on those subjects. Any such discovery and supplemental briefing on personal jurisdiction and venue in this District shall occur on the following schedule:

> Any such document requests shall be propounded by Plaintiff by **December 7, 2023**.
>
> Defendants' production in response to any such document requests shall be completed by **December 15, 2023**.
>
> Gessel's deposition on jurisdictional topics shall be held on or before **December 22, 2023**.
>
> Any supplemental memorandum in opposition to Defendants' motion to dismiss for lack of personal jurisdiction and improper venue shall be filed by Plaintiff by **December 29, 2023**.
>
> Any supplemental memorandum in further support of Defendants' motion to dismiss for lack of personal jurisdiction and improper venue shall be filed by Defendants by **January 5, 2024**.

To be clear, I am not requiring Plaintiff to take jurisdictional discovery, and I am not requiring the parties to make any supplemental filings, but if they choose to do so, they must comply with the above limitations and deadlines.

Plaintiff has requested a stay of discovery while the parties pursue settlement talks. (*See* 11/27/23 Status Report, ECF 44.) Defendants have not responded to Plaintiff's request. (*See* 11/27/23 Status Report, ECF 45.) I address Plaintiff's request for a stay of discovery even though it was not made by letter-motion in accordance with Local Rule 7.1(d).

The Court has discretion to issue a stay of discovery under Federal Rule of Civil Procedure 26(c) and upon a showing of good cause by the party seeking the stay. Fed. R. Civ. P. 26 (c). While I am mindful of the costs associated with declining to grant a stay of discovery, I will not issue an order staying discovery in order to permit Plaintiff to take jurisdictional

discovery if he decides he wishes to do so. Instead, I am extending all deadlines in the Report of Rule 26(f) Conference and Case Management Plan Dated October 2, 2023, by sixty days. *See* Local Rule 16.2.

**2. Service**

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The 90-day period for service expired on March 29, 2023. To date, Plaintiff has not filed a return of service for the summons and complaint as to Defendant CGS, and Defendant Gessel disputes that service was properly effected on him. Specifically, Gessel avers that he does not reside at the Brooklyn address where Plaintiff tried to serve him. (*See* Mot. To Dismiss/Compel Arbitration, ECF 25.)

When a defendant moves to dismiss for insufficient service of process, the plaintiff bears the burden of proving adequate service. *See Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *Mende v. Milestone Tech.,* 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e). In New York, service of process may be effected on an individual by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business,

dwelling place or usual place of abode of the person to be served" and by either mailing the summons to the person to be served at his or her last known residence or place of business; (3) service on an agent; or (4) so-called "nail and mail" service. *See* CPLR §§ 308 (1)-(4). Personal service on a corporation shall be made by delivering the summons and complaint to "an officer, director, managing or general agent or cashier or assistant cashier or any other agent authorized" to accept service. *See* CPLR § 311.

Plaintiff details the efforts he made to serve Defendants, which included attempting service at a Seattle address provided by Defendants, a Brooklyn address skip-traced to Gessel and a Manhattan business address Plaintiff believed was associated with CGS based on a Google review of the business. Plaintiff also requested on several occasions that Defendants' counsel accept service, but they declined. (*See* Pl.'s Opp. at 2-6.) Plaintiff states that, "insofar as the Court believes there is some appreciable defect here that it must contend with notwithstanding that Defendants have actual notice of this litigation, Plaintiff respectfully requests additional time to serve the Complaint pursuant to Rule 4(m)." (*Id*. at 2.) I am treating this request as one for a *nunc pro tunc* extension of time to serve.

Receipt of a copy of the complaint does not constitute effective service under federal or state law. Actual notice does not subject defendants to personal jurisdiction if service was not made in compliance with the relevant provisions. *See Bank of Am. Nat. Tr. & Sav. Ass'n v. Herrick*, 650 N.Y.S.2d 754, 755 (1st Dep't 1996) ("[E]ven if a defendant eventually acquires actual notice of the lawsuit, actual notice alone will not sustain the service or subject a person

to the court's jurisdiction when there has not been compliance with prescribed conditions of service."); *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir. 1978).

A court must extend a plaintiff's time for service upon a showing of good cause, and it may extend the deadline when it concludes that a discretionary extension is appropriate. *See* Fed. R. Civ. P. 4(m); *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999). In considering whether a plaintiff has shown good cause, courts weigh "the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,* 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Here, Plaintiff had incorrect addresses for Defendants, and the only address provided by Defendants was a post office box, which precluded service of Defendant Gessel under CPLR §§ 308 (1), (2) & (4) and of Defendant CGS under most of the provisions of CPLR § 311. And there is no indication that Defendant Gessel had an agent authorized to accept service for him under CPLR §§ 308 (3). Under the circumstances, while Plaintiff certainly could have done more to try to effect service, his efforts probably qualify as minimally reasonable. And there is no prejudice to Defendants from the delay in service, since they had actual notice of the case. *See AIG Managed Mkt. Neutral Fund,* 197 F.R.D. at 108. Accordingly, I conclude that Plaintiff has likely shown good cause for his delay in serving Defendants.

Even in the absence of good cause, however, I have discretion to extend the time for service of the complaint. In determining whether to exercise that discretion, courts analyze:

> (1) whether the applicable statute of limitations would bar [a] refiled action; (2) whether the defendant had actual notice of the claims asserted in the

> complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Eastern Refractories Co.,* 187 F.R.D. at 506. Here, the first and third factors would cut against exercising discretion to extend the time for service: the limitations period has not yet run on Plaintiff's claims for breach of contract (six-year statute of limitations under governing Washington State law, *see* Wash. Rev. Code Ann. § 4.16.040) or unjust enrichment (three-year statute of limitations for action involving a "liability . . . which is not in writing," *see id*. § 4.16.080); and Defendants made no attempt to conceal the defect in service. The second and fourth factors, however, would cut in favor of extending the time for service: Defendants had notice of the claims and would not be prejudiced by an extension of time. "Considering the balance of equities and the general preference for deciding cases on the merits," I exercise my discretion under Rule 4(m) to grant Plaintiff a *nunc pro tunc* extension of time until **January 2, 2024**, to serve Defendants and file proof of service with the Court. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) (citing *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995) (expressing preference for deciding cases on the merits) and *Carroll v. Certified Moving & Storage ,* No. 04-CV-4446 (ARR), 2005 WL 1711184, at *3 (E.D.N.Y. July 19, 2005) (granting the plaintiff a discretionary extension under Rule 4(m) when the balance of equities and principle that litigation generally should be resolved on the merits weighed in favor of the plaintiff)).

Plaintiff is warned that failure to comply with this Order may in itself result in dismissal without prejudice of the claims against Defendants.

Dated:     New York, New York
           November 30, 2023

SO ORDERED.

Robyn F. Tarnofsky

United States Magistrate Judge